IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLIMAREX ENERGY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-525-D |
| | ) | |
| SCOTT W. CALHOON, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss and Remand to the District Court of Canadian County, Oklahoma [Doc. No. 9], which challenges the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). Although the Motion requests a remand to state court pursuant to 28 U.S.C. § 1447(c), this case is an original action filed by Plaintiff Climarex Energy Co. under the Declaratory Judgment Act, 28 U.S.C. § 2201. Thus, the Court considers the Motion as one for dismissal under Fed. R. Civ. P. 12(b)(1) and 19(b).[1] Defendant's main contention is that QEP Energy Company ("QEP") is an indispensable party, but its joinder would destroy diversity of citizenship because it is a corporation with a principal place of business in Oklahoma, the same state in which Defendant resides and is a citizen. Defendant also challenges whether the jurisdictional amount is satisfied; he argues that "Plaintiff does not allege that [Defendant] has taken any action giving rise to an amount in controversy in excess of $75,000." *See* Def.'s Motion [Doc. No. 9] at 13-14.

---

[1] Defendant may have confused this case with one he filed in the District Court of Canadian County, Oklahoma, which was subsequently removed to federal court. *See Calhoon v. Cimarex Energy Corp.*, Case No. CIV-11-725-D (W.D. Okla.).

Plaintiff has responded in opposition to the Motion with evidentiary materials showing that QEP is a Texas corporation and that its principal place of business is in the State of Colorado. Accordingly, Plaintiff argues that QEP's joinder would not destroy diversity, even if QEP should be joined as an additional plaintiff with an interest in the oil and gas lease that is the subject of this action. Further, Plaintiff contends the Complaint adequately alleges the requisite amount in controversy. Plaintiff notes that in a declaratory judgment action the amount "is measured by the value of the object of the litigation." *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Plaintiff points to factual allegations of the Complaint stating that the value of hydrocarbons to be produced under the lease, as well as Plaintiff's financial investment in drilling activity on the leased property, each exceed $75,000.

Defendant has not filed a reply brief within the time period authorized by LCvR7.1(i). Therefore, Plaintiff's allegations and documentary evidence regarding the jurisdictional issues stand unchallenged for purposes of ruling on Defendant's Motion. Accepting Plaintiff's evidence as true, the Court finds the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a).[2]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 9] is DENIED.

IT IS FURTHER ORDERED that the parties shall show cause why this case should not be consolidated with Case No. CIV-11-725-D, *supra* note 1, which also seeks a declaratory judgment

---

[2] Where, as here, a Rule 12(b)(1) motion challenges the factual basis for subject matter jurisdiction, the court's decision is not constrained by the pleadings, and the court "has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005). In this case, Plaintiff has met its burden to provide evidentiary support for its jurisdictional allegations, and because this evidence is unrefuted, no factual issue is presented for decision in connection with Defendant's Motion.

regarding the validity of the same lease and raises the same ground of alleged invalidity. The parties shall respond in writing within 14 days from the date of this Order.

IT IS SO ORDERED this 1st day of August, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE