IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CIMAREX ENERGY CO.,                          )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )        Case No. CIV-11-525-D
                                             )
SCOTT W. CALHOON, M.D.,                       )        (Consolidated with
                                             )        Case No. CIV-11-725-D)
        Defendant-Counterclaimant,           )
                                             )
v.                                           )
                                             )
QEP ENERGY COMPANY,                          )
                                             )
        Additional Counterclaim Defendant.   )

**O R D E R**

Before the Court is Defendant Scott W. Calhoon's Combined Motion in Limine [Doc.

No. 65]. Cimarex Energy Co. ("Cimarex") and QEP Energy Company ("QEP") have timely

opposed the Motion, which is fully briefed and at issue.

This declaratory judgment action concerns the validity of an oil and gas lease that,

according to the successor lessee, Scott W. Calhoon ("Calhoon"), expired due to lack of

production in paying quantities. He asks the Court to exclude from trial any argument and

evidence related to: 1) compromise offers and negotiations, as inadmissible under Fed. R.

Evid. 408; and 2) index pricing of natural gas, as irrelevant and confusing and, thus,

inadmissible under Fed. R. Evid. 401 and 402.

In response, Cimarex and QEP argue that they do not intend to use the documents that

Calhoon characterizes as compromise offers and negotiations for a purpose prohibited by

Rule 408; instead, the documents will be used to counter any "assertion by Calhoon that he is an unwilling litigation participant who was wrongly dragged into this case by Cimarex." *See* Resp. Br. [Doc. No. 69] at 2. Index pricing is relevant, they argue, because actual pricing information is unavailable and index pricing provides an appropriate reference tool.

Upon consideration of the issues, the Court finds that the correspondence to which Calhoon objects may have a bearing on some trial issues, such as his credibility as a witness. Cimarex and QEP should not, however, devote trial time to demonstrating that Calhoon has aggressively pursued his lease cancellation claim for a strategic business purpose. This case will be the subject of a bench trial, and the Court is fully capable of focusing on the legal issues to be decided. Similarly, the Court finds that information regarding index prices may be helpful to understanding the pricing testimony of the parties' respective expert witnesses. The Court can conceive no confusion of pricing issues that would be created by the admission of such evidence.

IT IS THEREFORE ORDERED that Calhoon's Combined Motion in Limine [Doc. No. 65] is DENIED.

IT IS SO ORDERED this 30th day of October, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE