IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CIMAREX ENERGY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-525-D |
| | ) | |
| SCOTT W. CALHOON, M.D., | ) | (Consolidated with |
| | ) | Case No. CIV-11-725-D) |
| Defendant-Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QEP ENERGY COMPANY, | ) | |
| | ) | |
| Additional Counterclaim Defendant. | ) | |

**ORDER REGARDING MOTIONS TO STRIKE
PARTS OF THE FINAL PRETRIAL REPORT**

Before the Court are the parties' respective motions to strike certain parts of the Final Pretrial Report filed September 13, 2013, which were included over the opposing party's objection. This Final Pretrial Report [Doc. No. 77] is a revised version of the parties' initial submission, and will be referred to hereafter as the "Revised Report." The Court declined to approve the initial report because Scott W. Calhoon had included contentions regarding a new claim that was not asserted in his pleading, and the parties were directed to "file a revised pretrial report within 30 days after the Court issues its summary judgment ruling, which report shall omit Calhoon's new contentions . . . ." *See* Order of April 3, 2013 [Doc. No. 74] at 4.

On August 14, 2013, the Court issued its summary judgment ruling and denied the motion of Cimarex Energy Co. ("Cimarex") and QEP Energy Company ("QEP") for a declaratory judgment regarding the validity of the subject oil and gas lease based on a division order executed by Calhoon. The Court found that the only legal authority on which Cimarex and QEP relied to support their

theory of contractual ratification did not address the situation presented in this case, where the allegedly ratified lease had previously expired by its own terms, if Calhoon proves his claim. Further, the Court noted a lack of any showing by Cimarex and QEP of their right to benefit from an alleged contract to which they were third parties.

In response to the Court's concern, and based on an additional concern raised in a motion to clarify the summary judgment order, Cimarex and QEP included in the Revised Report contentions that had not previously been made in their pleadings or summary judgment briefs. Believing that Cimarex and QEP were attempting to engage in conduct inconsistent with the Court's order prohibiting the inclusion of new contentions in the Final Pretrial Report, Calhoon stated his objections to these new contentions in his part of the Revised Report. Accordingly, Cimarex and QEP have filed a motion to strike these objections from the Revised Report, and Calhoon has filed a motion to strike Cimarex's and QEP's contentions from the Revised Report.

In attempting to comply with the deadline to file a revised pretrial report within 30 days of the summary judgment ruling, the parties filed the Revised Report before the motion for clarification of the summary judgment order was fully briefed, while the scope of the issues for decision remained uncertain. The Court subsequently denied the motion for clarification and, in so doing, determined that the additional issue raised by Cimarex and QEP – whether there is some ambiguity in the division order – is uncontested. The parties agree that the language of the division order on which Cimarex and QEP rely for their ratification theory is clear and unambiguous. Accordingly, the contentions and evidence that Cimarex and QEP have included in the Revised Report related to a potential ambiguity in the division order are unnecessary and irrelevant to the trial issues. Therefore, to this extent, the Court finds that Calhoon's Motion to Strike should be granted. For clarity of the case record and the Final Pretrial Report, the parties will be directed to file a second

revised report that omits all contentions and evidentiary materials related to the issue of an ambiguity in the division order.

Further, to permit this case to proceed smoothly during the bench trial, the Final Pretrial Report should reflect the issues – both factual and legal – presented for decision. The Court scheduled the filing to occur after the summary judgment ruling so that the Final Pretrial Report could be conformed to the remaining issues. Instead, Calhoon apparently misunderstood the April 3 Order directing the filing of a revised report to mean that the same report, except for the omissions ordered by the Court, should be refiled. That was not the Court's intention. Cimarex and QEP properly added contentions related to the issue raised by the Court regarding their right to enforce the division order against Calhoon.[1]

Cimarex and QEP also properly retained in the Revised Report contentions related to the issues raised by their motion for summary judgment. In denying the motion, the Court merely ruled that the legal authorities on which Cimarex and QEP relied did not establish the applicability of the asserted principles of ratification and waiver under the circumstances of this case. This ruling does not prevent Cimarex and QEP from continuing to assert that these principles should apply, and to present additional legal authorities in order to persuade the Court to adopt their position. The denial of a motion for summary judgment does not fully dispose of issues or claims; it is an interlocutory ruling that may be revisited at any time during the pendency of the case. *See Stewart v. Beach*, 701 F.3d 1322, 1329 (10th Cir. 2012); *Elephant Butte Irr. Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008). Accordingly, the Court finds that the Revised Report should not include Calhoon's objections to contentions by Cimarex and QEP regarding the ratification and waiver

---

[1] However, the addition of exhibits related to this issue – copies of the statutes that allegedly create such rights – is unnecessary. The Court can take judicial notice of any applicable statutes.

issues that were properly included. For these reasons, Cimarex's and QEP's Motion to Strike should be granted.

Finally, upon review of the Revised Report, the Court finds it is deficient in other respects. The Revised Report is incomplete and reflects a failure of counsel to resolve issues capable of resolution through reasonable, cooperative efforts. For example, the Revised Report refers to the summary judgment and *Daubert* motions as if they were still pending; as to two exhibits listed by Cimarex, the objection is: "?" The parties also list numerous objections to exhibits on grounds of authentication or foundation, and some exhibits are described in general terms and objected to as not sufficiently identified to permit an evidentiary objection. These objections suggest a failure to comply with Local Court Rules: "[A]ll exhibits and documents which are to be introduced in evidence are to be marked for identification . . . and physically exchanged or exhibited to opposing counsel at least three calendar days before submission of the pretrial report." *See* LCvR39.4(a). The parties should correct these deficiencies in preparing their second revised Final Pretrial Report. Further, the parties should make a concerted effort to accomplish the following:

1) attempt to stipulate to all facts that are not disputed or reasonably disputable;

2) list only necessary exhibits and witnesses;

3) ensure compliance with Local Court Rules concerning the disclosure and exchange of evidence, to include pre-marking and exchanging all proposed exhibits;

4) resolve all objections reasonably capable of resolution through cooperative efforts and attempt to stipulate regarding the admissibility of as many exhibits as reasonably possible; and

5) accomplish all other necessary and appropriate steps to reduce the number of exhibits, witnesses, and objections, and otherwise streamline the case and reduce the length of the trial.

IT IS THEREFORE ORDERED that the Motion of Cimarex Energy Co. and QEP Energy Co. to Strike Portions of the Parties' September 13, 2013 Final Pretrial Report [Doc. No. 78] is GRANTED and that the Motion of Defendant Scott W. Calhoon, M.D. to Strike Parts of the Parties' September 13, 2013 Final Pretrial Report [Doc. No. 81] is GRANTED in part and DENIED in part, as set forth herein.

IT IS FURTHER ORDERED that the revised Final Pretrial Report [Doc. No. 77] is rejected. The parties shall file a second revised Final Pretrial Report, consistent with the directions of this Order, not later than January 31, 2014.

IT IS SO ORDERED this 17th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE