## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CIMAREX ENERGY CO.,                    )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )     Case No. CIV-11-525-D
                                       )
SCOTT W. CALHOON, M.D.,                )     (Consolidated with
                                       )     Case No. CIV-11-725-D)
      Defendant-Counterclaimant,       )
                                       )
v.                                     )
                                       )
QEP ENERGY COMPANY,                    )
                                       )
      Additional Counterclaim Defendant.   )

## ORDER

Before the Court is the Opposed Motion of Cimarex Energy Co. and QEP Energy

Company to Dismiss Their Claims and to Realign the Parties For Trial [Doc. No. 91], filed

pursuant to Fed. R. Civ. P. 41(a)(2).  Defendant Scott W. Calhoon opposes the Motion.

Plaintiff Cimarex Energy Co. ("Cimarex") and Counterclaim Defendant QEP Energy

Company ("QEP"), by their respective pleadings, seek a declaratory judgment that the oil and

gas lease in dispute remains in effect.  Defendant Calhoon seeks a declaratory judgment that

the lease terminated for lack of production in paying quantities.[1]  The current alignment of

the parties is a result of consolidation of two competing cases filed separately:  an original

action by Cimarex against Calhoon filed May 12, 2011 (Case No. CIV-11-525-D); and a

---

[1] An additional claim for breach of a duty of good faith and fair dealing, and seeking punitive damages, has been dismissed.  *See* Order of April 19, 2012 [Doc. No. 22].

state court action by Calhoon against Cimarex and QEP filed June 6, 2011, and removed June 27, 2011 (Case No. CIV-11-725-D).

By the Motion, Cimarex and QEP request permission to voluntarily dismiss their declaratory judgment claims because a determination of Calhoon's claim will fully resolve the controversy between the parties and a dismissal of their claims would permit them to be realigned as defendants on Calhoon's claim. The movants contend this procedural change will permit an orderly presentation of evidence at trial, streamline the issues, and cause the party with the burden of proof (Calhoon) to proceed first. Calhoon objects only to the dismissal of claims but not to a realignment of QEP. Calhoon "agrees that the parties should be aligned according to their positions," but he proposes that Cimarex and QEP proceed as plaintiffs while he remains the defendant. *See* Resp. Br. [Doc. No. 93], ¶ 5. This proposal is not based on any argument regarding the burden of proof or any prejudice that will result from a dismissal of claims. Calhoon instead argues that Cimarex has proceeded as plaintiff for more than two years and this status should be preserved to avoid confusion of the record.

Notwithstanding the procedural reasons underlying the request to dismiss Cimarex's and QEP's claims, the Motion correctly states it is governed by Rule 41(a)(2). Under this rule, "the district court normally should grant [a voluntary] dismissal" absent "legal prejudice" to the opposing party. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *see also Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). In this context, "prejudice is a function of . . . practical factors including: 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the

movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.' These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537).

Under the circumstances of this case, the Court finds no legal prejudice to Calhoon if Cimarex and QEP are permitted to dismiss their claims. Because the case will proceed to trial on Calhoon's competing claim for a declaratory judgment, his effort and expense in preparing for trial will not be wasted. Because no trial date has been set, Calhoon will have ample opportunity to make appropriate adjustments to his trial presentation. Thus, although the Court is not unsympathetic to Calhoon's complaint about Cimarex's and QEP's eleventh-hour decision to voluntarily dismiss their claims, the Court finds the delay is insufficient by itself to justify requiring them to proceed as plaintiffs. The Court is not aware of any additional confusion of the case record that will result from permitting dismissal; some confusion is inherent in the consolidation of two cases.

Further, because the requested dismissal will cause the parties to resume the positions they originally held in Case No. CIV-11-725-D, the Court finds that the record will be clarified if Case No. CIV-11-525-D is closed, Case No. CIV-11-725-D is reopened, and the parties refile their trial pleadings in that case. Also, because the Final Pretrial Report will need to be revised to permit orderly trial presentations, the Court will require Cimarex and QEP to prepare a new proposed Final Pretrial Report – subject to review and revision by

Calhoon in order to assure accuracy and permit any adjustments he elects to make in light of the procedural change – for filing in Case No. CIV-11-725-D.

IT IS THEREFORE ORDERED that the Motion of Cimarex and QEP to Dismiss Their Claims and Realign the Parties [Doc. No. 76] is GRANTED. Cimarex's Complaint [Doc. No. 1] and QEP's Counterclaim [Doc. No. 19] are dismissed.

IT IS FURTHER ORDERED that the Clerk shall administratively close Case No. CIV-11-525-D and reopen Case No. CIV-11-725-D. The parties shall file a Final Pretrial Report in Case No. CIV-11-725-D within 21 days from the date of this Order. By that same date, the parties shall refile in Case No. CIV-11-725-D any previous trial submissions on which they intend to rely at trial, which may be modified to reflect the proper party designations and the case caption. Appropriate filings may include designations of deposition testimony to be used at trial and objections thereto, trial briefs, and proposed findings of fact and conclusions of law.[2] By this Order, the Court does not intend to authorize the filing of any new trial submissions.

IT IS SO ORDERED this 21st day of April, 2014.

 

 

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Court has already ruled on all timely-filed motions in limine. Only one motion was granted, and the Court's ruling is reflected in the approved Final Pretrial Report.